Honorable Thomas A. Villa Representative, District 108 State Capitol Building, Room 114B Jefferson City, MO 65101
Dear Representative Villa:
You have submitted the following question to this office for response:
 Inasmuch as Sec. 143.183 provides for the distribution of athletes' and entertainers' income tax payments to the entities enumerated in said section, subject to appropriation by the general assembly, and no other disposition is authorized, does the governor or any other executive department have the authority to refuse compliance with the requirements set forth in Sec. 143.183.
Section 143.183, RSMo 2000, directs the Commissioner of Administration to estimate annually the amount of state income tax revenues collected which are received from nonresident members of professional athletic teams and nonresident entertainers. It further directs that the estimate be allocated and transferred, subject to appropriation, among five state funds according to specified percentages. The statute does not purport to transfer money from the treasury or to direct any executive branch officer to do so. To do either would be contrary to Article III, Section36 of the Missouri Constitution, which provides: "All revenue collected and money received by the state shall go into the treasury and the general assembly shall have no power to divert the same or to permit the withdrawal of money from the treasury, except in pursuance of appropriations made by law." Section 143.183, therefore, properly subjects its directed transfers to the appropriation process. In so doing, the statute by its terms contemplates appropriations in any given year in amounts different from the percentages listed.
Your specific question is whether the Governor, or any other executive department, has the authority to refuse compliance with the requirements of Section 143.183. Section 143.183 requires the Commissioner of Administration to prepare an estimate of the amount of state income tax revenues collected which are received from nonresident members of professional athletic teams and nonresident entertainers. It is the opinion of this office that the Commissioner does not have the authority to refuse to make this estimate.
The duties set forth in Section 143.183 are, however, distinct from the Governor's duty to prepare and submit a budget to the General Assembly.See generally, Section 33.270, RSMo 2000. Pursuant to Chapter 33, RSMo 2000, the Governor is free to make budget recommendations to fund in full, in part, or not at all the activities of the various departments of state government. It is then the duty of the General Assembly to enact appropriations by law within the limitations imposed upon it by the Constitution.
Section 143.183 imposes no duty on the Governor. Whether the Governor's budget recommends that no money be transferred to the various funds described in Section 143.183 is, therefore, irrelevant to the question. The General Assembly remains free to appropriate moneys earmarked in the statute to the five funds.
 CONCLUSION
Section 143.183, RSMo 2000, imposes an affirmative obligation on the Commissioner of Administration to estimate the amount of state income tax revenues collected which are received from nonresident members of professional athletic teams and nonresident entertainers. The allocation of those revenues to the various funds identified in that statute are subject to the appropriation process. Section 143.183 imposes no duty on the Governor and does not restrict the Governor's authority to prepare and submit a budget.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General